# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DWAYNE LANG,**

    **Plaintiff,**

**v.**                                                                  **Case No.  8:14-cv-2912-T-30TGW**

**NPC INTERNATIONAL, INC., D/B/A**
**PIZZA HUT #4633,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (Dkt. 19) and Plaintiff's Response in Opposition (Dkt. 21).  The Court, having reviewed the motion, response, record evidence, and being otherwise advised in the premises, concludes that the motion should be denied.

## RELEVANT FACTS

This is a negligence case; Plaintiff Dwayne Lang alleges that Zachary Jean, an employee of Defendant NPC International, Inc., d/b/a Pizza Hut #4633, negligently operated his vehicle during the scope of his employment and hit Lang, a pedestrian, while delivering a pizza for Pizza Hut.  In its motion, Pizza Hut contends that Lang cannot establish

negligence as a matter of law.[1]  The relevant facts, interpreted in a light most favorable to Lang, the non-movant, are as follows.

The accident occurred on January 16, 2014, around 9:30 p.m., while Lang was walking home from work.  It was dark and Lang was walking northbound on 3rd Avenue East, in Palmetto, Florida, which is a residential street, infrequently traveled by automobiles.  There was no sidewalk.  Lang walked north on the right side of the road.  His left foot was on the pavement of the road and his right foot was on the grass.  There were no street lights in the area and Lang, an African-American male, was wearing his Checkers' work uniform that consisted of a black shirt, black pants, black socks, and black shoes.  Lang is six feet, 1 inch tall, and weighs 216 pounds.

There was no traffic in either direction within the several minutes before the impact with Jean's vehicle.  Nothing obstructed the view of the road or shoulder.  Lang was looking straight ahead, walking in a straight line, and talking on his mobile phone in the minutes before the impact.  He did not cross the road or have two feet on the pavement within the minutes before the impact.

Jean's vehicle had functioning headlights.  Jean's headlights were visible for several seconds before the impact.  Lang knew his body was illuminated by Jean's vehicle's headlights because he could see the shadow on the ground before him.

---

[1] Pizza Hut assumes that its employee was within the scope and course of his employment when the subject accident occurred for purposes of its motion only.

Lang did not dart or veer in front of Jean's vehicle, but Jean's front bumper struck Lang in his lower left leg. He was not struck by the side mirror. There was no oncoming traffic that would have prevented Jean from steering left to avoid hitting Lang. No one else witnessed the accident. Lang had walked this same route home from work over fifty times.

In its interrogatory responses, Pizza Hut states that Jean attempted to take evasive action to avoid hitting Lang.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions,

answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

Pizza Hut argues that there is no evidence to support any allegation of negligence attributable to Jean, the delivery driver. The Court disagrees. There are genuine issues of fact on the issue of Jean's negligence.

In Florida, drivers have a duty to maintain a proper lookout at all times and a duty to "exercise due care to avoid colliding with any pedestrian ... and give warning when necessary." *Nelson v. Ziegler,* 89 So. 2d 780, 783 (Fla. 1956); *see also* Fla. Stat. § 316.130(15). Similarly, pedestrians have certain duties. Applicable here, "[w]here sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable,

walk only on the shoulder on the left side of the roadway in relation to the pedestrian's direction of travel, facing traffic which may approach from the opposition direction." Fla. Stat. § 316.130(4). Notably, whether a defendant has exercised reasonable care under the circumstances is generally for the jury to decide. *L.A. Fitness Int'l, LLC v. Mayer,* 980 So. 2d 550, 556-57 (Fla. 4th DCA 2008) (citing *Whitt v. Silverman,* 788 So. 2d 210, 220 (Fla. 2001)).

Pizza Hut argues that it is entitled to judgment because Lang was wearing dark clothing and placed himself in danger by walking on the right side of the roadway with his back turned to oncoming traffic while talking on his mobile phone. The Court disagrees that these facts are sufficient to relieve Pizza Hut of any liability for Jean's actions as a matter of law. Most of the cases upon which Pizza Hut relies are based on darting cases, where a pedestrian, usually a child, darts or thrusts himself into the vehicle's pathway while jaywalking. Most of these cases were decided before Florida adopted comparative negligence in *Hoffman v. Jones,* 280 So. 2d 431, 438 (Fla.1973).

Here, there are material issues of fact related to whether Jean "could and should have seen [Lang] and observed his peril in time to have avoided the injury by the exercise of reasonable care commensurate with the circumstances." *Nelson*, 89 So. 2d at 782. The road was not a highway—it was a road in a residential area with infrequent traffic. There were no oncoming cars at the time of impact. Lang had only one foot on the road. He was walking in a straight line. He did not thrust himself into the path of the vehicle; rather, the vehicle ran into his lower left leg. Lang's body was illuminated by Jean's headlights for a

period of seconds before impact. Lang is a large man. And there is evidence suggesting that Jean saw Lang prior to the impact because he attempted to evade him. In other words, interpreting the record in Lang's favor, a jury could conclude that Jean should have taken evasive action sooner to avoid the impact.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (Dkt. 19) is denied.

**DONE** and **ORDERED** in Tampa, Florida on November 19, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-2912.msj-19-deny.wpd